# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-1057V
Filed: May 18, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| H.S., by his parents and natural Guardians GREGORY and SANDRA SIMPSON, | |
| Petitioner, | Ruling on Entitlement; Concession; Diptheria Tetanus and acellular Pertussis ("DTaP"); Meningococcal; Syncope; Special Processing Unit ("SPU") |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Renee Gentry*, Shoemaker, Gentry & Knickelbein, Vienna, VA, for petitioner.
*Alexis Babcock*, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

**Vowell**, Chief Special Master:

On October 29, 2014, Gregory and Sandra Simpson filed a petition for compensation on behalf of their minor son, H.S., under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioners allege that As a result of receiving DTaP and meningococcal vaccines on July 25, 212, H.S. experienced syncope, fell to the floor and fractured his skull. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 18, 2015, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

at 1.  Specifically, respondent "agrees that the record reflects that H.S. suffered a syncopal episode following his July 25, 2012 vaccinations, that his episode occurred within a temporally appropriate timeframe following his vaccinations, and that he suffered six months of residual injuries."[3]  *Id.* at 4.  Respondent further notes "the lack of any evidence of a factor unrelated that would otherwise explain H.S.'s syncope."  *Id.*

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] Respondent also noted that she initially disputed that H.S. experienced at least six months of residual effects prior to my order of March 13, 2015, in which I made a factual determination that the injury did persist for at least six months. Respondent's Report at 3-4.