# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-1057V
**Filed: March 25, 2016**
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
H.S., by his parents and natural        *
Guardians  GREGORY  and  SANDRA         *
SIMPSON                                 *
                                        *
               Petitioner,              *
       v.                               *
                                        *   Attorneys' Fees and Costs; Stipulation
SECRETARY OF HEALTH                     *   Special Processing Unit ("SPU")
AND HUMAN SERVICES,                     *
                                        *
               Respondent.              *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Renee Gentry, Shoemaker, Gentry & Knickelbein, Vienna, VA, for petitioner.*
*Alexis Babcock, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 29, 2014, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.,[2] [the "Vaccine Act"]. Petitioner alleged that H.S. suffered syncope and a skull fracture following administration of his July 25, 2012 DTaP and meningococcal vaccinations. On September 25, 2015, the undersigned issued a decision awarding compensation to petitioner.

On March 9, 2016, the parties filed a Stipulation of Fact Concerning Attorneys' Fees and Costs. According to the stipulation, the parties stipulate to a total award of

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

**$23,500.00** for attorneys' fees and costs.  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred **$3,322.90** in out-of-pocket expenses.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request and the lack of any objection by respondent, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $26,822.90[3] as follows:**

- **A lump sum of $23,500.00, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel,  Renee J. Gentry; and**

- **A lump sum of $3,322.90, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

> s/Nora Beth Dorsey
> Nora Beth Dorsey
> Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.